The Honorable Larry Goodwin State Representative P.O. Box 129 Cave City, AR 72521
Dear Representative Goodwin:
This is in response to your request for an opinion regarding a particular piece of equipment that is being kept in storage by Fulton County. You state that ownership of the equipment (a backhoe) cannot be determined, and you have asked the following question:
 Since ownership cannot be established and since the county has a substantial storage bill on the backhoe, can the county seek a lost title on the property and use it for public purposes?
You have not indicated precisely how the county gained possession of this item. You do state, however, that "[t]he person charged and convicted of theft of property refuses to give information relating to the equipment." I assume, therefore, that the backhoe was stolen property that was seized as evidence.
Assuming this set of facts, it is my opinion that disposition of the seized property will be governed by A.C.A. § 5-5-101 (Cum. Supp. 1991), and that the answer to your specific question is "no." See also A.R.Cr.P Rule 15. I have enclosed a copy of Attorney General Opinion Number 91-228 which addresses the procedures to be followed under § 5-5-101. I assume that none of the procedures under A.R.Cr.P. Rule 15.2 with regard to disputed rights to property apply in this instance, and that the court has determined that there is no further need for custody of the seized backhoe. Rule 15.2(g) states:
 At such time as the court finds that there is no further need for custody of the seized things, and if no motion for return or restoration of the seized things has been made, the court shall order the things to be delivered to the officials charged with responsibility under the applicable laws for the sale, destruction, or other disposition of contraband and unclaimed goods in official custody.
Section 5-5-101(c) (Cum. Supp. 1991) states that "any article of contraband capable of lawful use may, in the discretion of the court having jurisdiction, be retained for use by the law enforcement agency responsible for the arrest or sold. . . ." Thus, if the law enforcement agency responsible for the arrest in this instance wishes to use the equipment, application must be to the court for a determination that the item constitutes "contraband" for purposes of Section 5-5-101,[1] and for the court's exercise of discretion in this regard. If the item is to be sold, the procedures under Section 5-5-101(d) through (g) must be followed. See Op. No. 91-228.
In conclusion, therefore, while it appears that there is a procedure for applying to the court for use of the backhoe by the law enforcement agency responsible for the arrest (assuming that it is contraband), Section 5-5-101 makes no provision for the county to seek a lost title on the property. And it appears, under this assumed set of facts, that Section 5-5-101 will be controlling.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Subsection (b) of § 5-5-101 (Cum. Supp. 1991) states that "[c]ontraband" includes: (1) Any article possessed under circumstances prohibited by law; (2) Any weapon or other instrumentality used in the commission or attempted commission of a felony; and (3) Any other article designated contraband by law.